**COLUMBIA STEEL CASTING CO., INC.,
an Oregon corporation, Plaintiff,**

v.

**PORTLAND GENERAL ELECTRIC COMPANY, an Oregon corporation; PacifiCorp, doing business as Pacific Power & Light Company; Myron B. Katz, Joan Smith, and Ronald Eachus, Defendants.**

Civil Nos. 90–524–FR(LEAD), 90–592–FR.

United States District Court,
D. Oregon.

Dec. 11, 1998.

Michael C. Dotten, Eric R. Todderud, Heller, Ehrman, White & McAuliffe, Portland, OR, for Plaintiff.

Don H. Marmaduke, Barbee B. Lyon, Tonkon, Torp, Galen, Marmaduke & Booth, Portland, OR, for Defendant Portland General Electric Company.

## OPINION AND ORDER

FRYE, District Judge.

The matter before the court is the motion for supplemental attorney fees and costs filed by Columbia Steel Casting Co., Inc. (# 449).

## BACKGROUND

This action was filed by Columbia Steel Casting Company, Inc. (Columbia Steel) against Portland General Electric Company (PGE) on June 19, 1990 alleging violations of federal and state antitrust laws. On September 8, 1993, this court entered judgment against PGE and in favor of Columbia Steel. PGE appealed.

In April of 1997, the United States Court of Appeals for the Ninth Circuit affirmed the judgment of this court in favor of Columbia Steel as to liability under Section 1 of the Sherman Act, but vacated the judgment and remanded the case to this court for a redetermination of Columbia Steel's damages in accordance with the opinion of the Court of Appeals. *Columbia Steel Casting Co. v. Portland Gen. Elec. Co.*, 111 F.3d 1427 (9th Cir.1996). PGE filed an appeal to the United States Supreme Court.

On August 6, 1997, this court entered a judgment restating the 1993 judgment as to liability in favor of Columbia Steel and awarding additional damages to Columbia Steel in accordance with the remand from the Court of Appeals. The judgment stated, in part, that "Columbia Steel may apply to the Court ... for additional attorney fees and costs incurred by Columbia Steel after April 30, 1997." Columbia Steel forthwith filed a foreign judgment in the Circuit Court of the State of Oregon for the County of Multnomah in order to obtain a judgment lien and thereafter to execute on that lien.

On August 11, 1997, PGE filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit from the August 6, 1997 judgment of this court. In addition, PGE filed an action in the Circuit Court of the State of Oregon for the County of Multnomah seeking an order preventing Columbia Steel from collecting on the judgment. PGE sought and obtained a stay of execution of the judgment entered by this court on August 6, 1997 by posting the required bond.

On May 4, 1998, the United States Supreme Court denied PGE's petition for a writ of certiorari. In order to avoid further litigation on the notice of appeal from the August 6, 1997 judgment, Columbia Steel acceded to the position taken by PGE as to damages, resulting in a reduction of approximately $66,000.00 in the $2.04 million judgment awarded in the August 6, 1997 judgment. Since no issues remained on appeal, the appeal was dismissed.

Columbia Steel now moves the court for a supplemental judgment awarding it attorney fees and costs in the amount of $161,411.40. This sum represents the attorney fees and costs incurred before this court upon remand in the amount of $39,918.00; the fees incurred before the Circuit Court of the State of Oregon for the County of Multnomah in the sum of $9,724.50; the fees incurred before the United States Court of Appeals for the Ninth Circuit on the appeal of the judgment entered on August 6, 1997 in the sum of $59,321.00; and the fees incurred before the United States Supreme Court in the sum of $46,327.50.

PGE contends that the request for attorney fees and costs incurred before this court on remand was not timely filed, and that the fees incurred before the United States Court of Appeals for the Ninth Circuit and the Circuit Court of the State of Oregon for the County of Multnomah were not reasonably incurred. PGE concedes that Columbia Steel is entitled to attorney fees and costs incurred before the United States Supreme Court.

## APPLICABLE LAW

As the prevailing party in this antitrust action, Columbia Steel is entitled to recover its reasonable attorney fees and other costs. 15 U.S.C. § 15. Columbia Steel is entitled to recover for legal work which "would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit of a successful recovery of anti-trust damages." *See Twin City Sportservice, Inc. v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir.1982).

## RULING OF THE COURT

1. *Fees Upon Remand to this Court*

PGE contends that Columbia Steel was required by Fed.R.Civ.P. 54(d)(2)(A) and Local Rule 265-4 of the United States District Court for the District of Oregon to apply for its attorney fees upon remand to this court within 14 days after the judgment was filed on August 6, 1997. Columbia Steel contends that it properly filed its motion for supplemental fees when the amounts incurred were known to it.

The judgment of August 6, 1997 states, in part, that "Columbia Steel may apply to the Court for a supplemental judgment for additional attorney fees and costs incurred by Columbia Steel after April 30, 1997." The right of Columbia Steel to recover attorney fees was established by the United States Court of Appeals for the Ninth Circuit and by this court. The court finds that Columbia Steel's motion for supplemental attorney fees and costs was filed within a reasonable time after the amount of fees incurred was known to Columbia Steel.

Columbia Steel is entitled to recover attorney fees and other costs incurred upon remand to this court in the amount of $39,-918.00.

2. *Fees Before the Circuit Court of the State of Oregon for the County of Multnomah*

Columbia Steel registered the judgment entered by this court on August 6, 1997 in the Circuit Court of the State of Oregon for the County of Multnomah on the same day this court entered the judgment, thereby obtaining a judgment lien against all of the property of PGE in Multnomah County. On August 11, 1997, PGE filed a notice of appeal from the August 6, 1997 judgment. On August 15, 1997, this court approved the supersedeas bond of PGE and issued a stay pursuant to the appeal filed by PGE.

Pursuant to O.R.S. 18.350(2), the judgment lien obtained by Columbia Steel on August 6, 1997 expired upon this court's approval of the supersedeas bond. Nonetheless, Columbia Steel continued to attempt to collect on the judgment after this court had approved the supersedeas bond. The court finds that it was not reasonable for Columbia Steel to initiate further proceedings in the Circuit Court of the State of Oregon for the County of Multnomah after this court had approved the supersedeas bond.

Columbia Steel is entitled to recover attorney fees and other costs incurred for the filing in the Circuit Court of the State of Oregon for the County of Multnomah prior to the approval of the supersedeas bond on August 15, 1997; attorney fees and costs incurred after August 15, 1997 are not recoverable.

3. *Fees Before the United States Court of Appeals for the Ninth Circuit*

PGE contends that Columbia Steel is not entitled to recover attorney fees and costs incurred by PGE in the appeal of the judgment entered on August 6, 1997 because PGE succeeded on the appeal of the August 6, 1997 judgment. Columbia Steel contends that its decision to accept the position of PGE and to reduce the $2.04 million judgment by $66,000.00 in order to avoid further proceedings on appeal and in order to end the litigation does not support a finding that the attorney fees were not reasonably incurred by a successful litigant.

The court finds that the attorney fees and costs incurred by Columbia Steel as a result of PGE's appeal from the judgment entered on August 6, 1997 were reasonable and prudent expenses incurred in the pursuit of a successful recovery of antitrust damages. *See Hasbrouck v. Texaco, Inc.*, 879 F.2d 632, 638 (9th Cir.1989). Columbia Steel is enti-

tled to recover attorney fees and costs in the appeal by PGE of the August 6, 1997 judgment in the amount of $59,321.00.

4. *Fees Before the United States Supreme Court*

■ Columbia Steel is entitled to recover attorney fees and costs incurred as a result of its necessary appearance before the United States Supreme Court in the amount of $46,327.50.

## CONCLUSION

The motion for supplemental attorney fees and costs filed by Columbia Steel (# 449) is GRANTED. Columbia Steel shall prepare a judgment in accordance with this opinion and order.

· The motion for leave to file reply memorandum in support of Columbia Steel's motion for supplemental attorney fees filed by Pacificorp, Inc. (# 455) is GRANTED.